### Abraham S. Hallet v. Daniel Cotton.

THIS cause was tried at the sittings after *January* term last, when the jury found a verdict for the plaintiff for 866 dollars 20 cents. The defendant obtained a judge's order for a stay of further proceedings, until the next term, for the purpose of then moving for a new trial.

*Hawes* now moved, on the part of the plaintiff, for an order, that the defendant bring into court the

the sum found by the jury, with costs of suit; and that in default thereof, the order to stay proceedings, be discharged. This application was founded on an affidavit stating, " That since this cause has been at issue, the special bail has been declared bankrupt and discharged under the bankrupt law of the United States. That, on the trial of this cause, a balance was admitted by the defendant's counsel to be due to the plaintiff of about 500 dollars. That, at the sittings in *November* last, on the application of the defendant, this cause was put off for that court, on the condition of payment of costs; but that those costs, although repeatedly demanded, were not yet paid." A further affirmation of the plaintiff was read, stating " That from the circumstances of the defendant, he " was in danger of losing his said debt, unless the mo- " ney was brought into court, or the rule to stay pro- " ceedings discharged ; but it was acknowledged a " copy had not been served."

For the plaintiff it was said, that a motion for a new trial was an application to the equitable discretion of the court, to relieve, from what, in the opinion of the party, was an erroneous or oppressive verdict. That it was a maxim of law, founded on principles of equal justice, " that he who seeks equity, " should do equity." From the affidavit, it appeared, that the defendant had admitted, on the trial, that the plaintiff was entitled to recover about 500 dollars, which sum, entitled him also to full costs. Before, therefore, the court would suffer the defendant to be heard, on a motion for a new trial, they would require him to do, what he acknowledged to be just. The bankruptcy, and discharge of the bail,

and the circumstances of the defendant, were additional reasons for requiring the defendant to bring the money into court, to abide the event of the suit. That, from the great number of cases now before the court, it was not in the least probable, that the case to be made in this cause, could come on in its order, and a decision be had thereon, in a shorter time than 6 or 9 months : by which time, the defendant, from his present circumstances, would, doubtless, be a bankrupt, or, as his bail were already bankrupt, he might abscond. Under such circumstances, *delay* was equally prejudicial as a *denial of justice*. It also, appeared, that the defendant was now in contempt, and liable to an attachment for non-payment of costs, incurred on putting off the trial of this cause, at a former sitting. That it was a standing rule of the mayor's court of the city of *New-York*, that, " upon every motion for a new trial, the defend-" ant should, within eight days, bring into court, " the sum recovered by the verdict, with costs ; and " that, in default thereof, the plaintiff have leave to " proceed." That, although this court might not be disposed to go the length to establish such a rule, *in all cases*, it was believed the peculiar circumstances of this cause, were such, that they would not hesitate to make the order now requested ; or at least, for such sum as was admitted to be due, with costs.

*Bogert* said, the object of the motion was perfectly new and unprecedented.

*Per Curiam.* The practice of the mayor's court, in obliging the amount of the verdict to be brought into court on a motion for a new trial, has never been

adopted here. The insolvency of the bail,* is certainly not a sufficient ground to induce us to make such an order; and a copy of the affirmation, respecting the defendant's circumstances, has never been served on him; of that, therefore, we can take no notice.† But, let it be understood, we do not mean to say, that had it been otherwise, we would have granted the motion.

Rule refused.

* See *Gillespie* ads. *Pfister and M'Comb,* ante, p. 120.

† *Card* ads. *Fitzroy and ors. ante,* p. 69. See also *Grove* ads. *Campbell, ante,* p 115. that supplementary affidavits to rebut those in answer, cannot be received.